UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00087-FDW-DCK

| | |
|---|---|
| NORMAN GATEWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SONY CORPORATION OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

THIS MATTER is before the Court on Defendant Sony Corporation of America's ("SCA") Motion to Dismiss (Doc. No. 22) *pro se* Plaintiff Norman Gatewood's Amended Complaint (Doc. No. 12) for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Having duly considered Defendant's Motion and Brief in Support (Doc. Nos. 22, 24), Plaintiff's *pro se* Response in Opposition (Doc. No. 26), Defendant's Reply (Doc. No. 27), and Plaintiff's Surreply (Doc. No. 29), the Court *sua sponte* GRANTS Plaintiff leave to amend and DIRECTS Plaintiff to file an Amended Complaint as explained herein **within fourteen (14) days** of the entry of this order. The Court also DENIES AS MOOT the Motion to Dismiss.

**I.     BACKGROUND**

Plaintiff filed a "*Pro Se* 15" form complaint against Sony Corporation USA on February 21, 2019, alleging violation of his civil rights under 42 U.S.C. § 1983. (Doc. No. 1). However, the text of the form does not mention violation of Plaintiff's civil rights. Id. Rather, within the complaint, Plaintiff stated that "Sony officials" copied drawings he submitted to them in 1999-2000 and "developed a prototype of a working model that is on their website today." Id. at 5.

1

Plaintiff further alleged that "the sony DEV-3 digital recording binoculars black, sony DEV-5K and the Sony DEV-50v" are copies of technical drawings of an "ACB/ACVB Audio Video Camcorder Binoculars" contained in Plaintiff's Certificate of Registration VAu 462-683, registered on March 29, 1999. Id. at 3, 4, 7–8. However, as Defendant notes, Plaintiff did not attach the underlying copyright deposit submitted to the Copyright Office "showing the subject of the copyright registration." (Doc. No. 24 at 5).

Thereafter, on June 19, 2019, Plaintiff filed an amended "Complaint for a Civil Case" seeking to "dismiss" the original claim and file a new one against Sony Corporation of America, "because the Sony Corporation USA was the wrong entity to file a lawsuit against." (Doc. No. 12 at 3). Again, this Amended Complaint failed to include a copyright deposit, and further failed to include specific Sony products alleged to have been copied from Plaintiff's drawings. Id.

On October 17, 2019, Plaintiff filed a *pro se* Motion to Proceed with Complaint. (Doc. No. 16). Several documents are attached to this Motion, including a "Copy of Deposit VAu 462-683" with the seal of the U.S. Copyright Office which is dated February 9, 1999, and includes "ACB/AVB" in written script alongside the date. Id. at 2–3. The other attachments include a two-page "Additional Certificate (17 U.S.C. § 706)" Certificate of Registration Form VA, VAu 462-683 to Norman L. Gatewood with an "Effective Date of Registration" stamp of MAR 29, 1999 for a work titled "ACB/AVCB" and completed in 1997. Id. at 4–5. This form lists that the "Nature of the Work" is "Tech Drawings," and the bottom of page 4 indicates that the application and deposit were received on February 9, 1999, while the funds were received on March 29, 1999. Id. at 4. Among the other documents attached are a sketch of the binoculars and other miscellaneous materials relating to the Plaintiff's drawings, none of which contain the actual deposit submitted to and received by the Copyright Office which could demonstrate the subject matter of the copyright. Id. at 6–12.

2

Defendant SCA filed a Motion to Dismiss Plaintiff's Amended Complaint on December 6, 2019, alleging Plaintiff failed to state a claim of copyright infringement. (Doc. No. 22). On the same day, Defendant filed a Memorandum in Support of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), arguing that: (1) Plaintiff's Amended Complaint "fail[s] to state a claim of relief for copyright infringement that is plausible on its face," and (2) Plaintiff "cannot maintain an action for copyright infringement as a matter of law based on a lack of substantial similarity between any conceptually separable elements from Gatewood's sketch and any of the accused Sony products." (Doc. No. 24). Defendant therefore requested Plaintiff's claim be dismissed with prejudice. Id.

On December 9, 2019, the Court entered a Roseboro Order notifying Plaintiff of the burden he carries in responding to Defendant's Motion. (Doc. No. 25). Plaintiff subsequently filed a *pro se* response to Defendant's Motion to Dismiss on December 18, 2019. (Doc. No. 26). On December 30, 2019, Defendant filed a reply brief in support of its Motion alleging that Plaintiff's response failed to dispute any of the allegations in Defendant's Memorandum in Support or to address the merits of the Motion. (Doc. No. 27). Defendant further reiterated its earlier request that Plaintiff's Amended Complaint be dismissed with prejudice. Id. Plaintiff filed a Surreply to the Motion to Dismiss on January 2, 2020. (Doc. No. 29).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. As a general matter, a motion to dismiss under Rule 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When analyzing whether to grant a motion to dismiss,

3

the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Id. (citing De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Circ. 1992), cert. denied, 510 U.S. 828 (1993). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "enough facts to state a claim that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

### III. DISCUSSION

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

**A. Leave to Amend**

4

In light of the legal principles set forth above, the Court finds that an opportunity to amend is more appropriate under the present record. Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)).

The Court is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend, particularly given Plaintiff's *pro se* status. The Court does not discuss the merits of Plaintiff's claim at this stage of litigation. Although Plaintiff's specific theories of relief are not entirely clear within the Plaintiff's factual allegations

5

contained throughout his multiple pleadings, the Court finds that an Amended Complaint will allow the Court to determine whether he asserts a cognizable claim t for copyright infringement.

In order to make clear the allegations that have been set forth over multiple documents, the Court directs Plaintiff to file, **within fourteen (14) days** of the entry of this order**,** a new, complete Amended Complaint that includes all factual allegations and documentation to support its copyright infringement claim against Defendant.  Plaintiff is cautioned that, **absent extraordinary circumstances, no further amendments to the complaint are likely to be allowed.  Failure to comply with these directives could result in summary dismissal of the claims.**

### IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED as moot. (Doc. No. 22).   The Court *sua sponte* grants Plaintiff leave to amend the complaint and **Plaintiff will have fourteen (14) days from the date of this Order's entry to file a final, comprehensive amended complaint.**

This Order is **without prejudice** to allow Defendant the opportunity to file an additional motion to dismiss the new Amended Complaint, if appropriate.

**IT IS SO ORDERED.**

Signed: April 15, 2020

_____
Frank D. Whitney
Chief United States District Judge

6