UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00087-FDW-DCK

| | |
|---|---|
| NORMAN GATEWOOD, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SONY CORPORATION OF AMERICA, )<br>)<br>Defendants. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Defendant Sony Corporation of America's ("SCA") Motion to Dismiss (Doc. No. 33) *pro se* Plaintiff Norman Gatewood's Amended Complaint (Doc. No. 32) for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Having duly considered Defendant's Motion and Brief in Support (Doc. Nos. 33, 34), Plaintiff's *pro se* Response in Opposition (Doc. No. 35), Defendant's Reply (Doc. No. 36), the Court GRANTS Defendant's Motion to Dismiss.

## I.     BACKGROUND

The Court has provided a complete summary of the background and procedural history of this action in its April 15, 2020 Order denying as moot Defendant's first Motion to Dismiss. (Doc. No. 31). The Court incorporates that summary by reference herein.[1]

---

[1] The Court notes the procedural history portion of that Order indicating the Court's issuance of a Roseboro Notice informing Plaintiff of his right to respond to the motion to dismiss and the consequence of dismissal for failure to file a timely and persuasive response (Doc. No. 31, p. 3 (citing Doc. No. 25)). This, along with the record showing the Court's allowance of the filing of a sur-reply to the prior motion (Doc. No. 30), Plaintiff is well aware of his right to respond to the instant motion and the burden he carries in doing so.

1

In the April 15, 2020, Order, the Court denied as moot Defendant's first Motion to Dismiss seeking dismissal of Plaintiff's Amended Complaint and *sua sponte* granted Plaintiff leave to file yet another Amended Complaint.  Id. at 6.  The Court instructed Plaintiff: "In order to make clear the allegations that have been set forth over multiple documents, the Court directs Plaintiff to file . . . a new, complete Amended Complaint that includes all factual allegations and documentation to support its copyright claim against Defendant."  Id.  The Court warned, "[**N**]**o further amendments to the complaint are likely to be allowed**.  **Failure to comply with these directives could result in summary dismissal of the claims.**"  Id. (Emphasis in original).

Plaintiff filed a Second Amended Complaint on April 29, 2020. (Doc. No. 32).  Notably, Plaintiff does not appear to have compiled all his allegations and assertions from his multiple pleadings previously filed with this Court, and instead filed a succinct two-page, handwritten document, which the Court construes liberally in summarizing the allegations contained therein. Plaintiff alleges the United States Copyright Office issued Plaintiff a "Certificate of Registration for the visual arts." Id. at 1.  He contends his Certificate of Registration protects his drawing titled "ACB/AVCB." Id. at 1-2.  Plaintiff also alleges he is the author of this drawing, and the drawing is original.  Id. at 1.

Plaintiff states "In 1999, [he] sent his drawing to Sony for review." Id.  Plaintiff says neither party recognized correspondence from each other in 1999 and Defendant did not solicit any additional documentation from Plaintiff's "deposit copy" named VAu 462-683. Id.  Then, Plaintiff learned his "process receipt and return" showed that one of Defendant's offices was closed. Id.

2

Plaintiff alleges a singular question remains: "Did SCA publish, market, and advertise the Sony Dev-3 digital recording binoculars, the Sony Dev-50V, and Dev-5K before the year[s] 1997-1999?" Id. Plaintiff also alleges Defendant started selling the "Sony Dev-3+5" in November 2011 and that the 3 Sony products have the "same or similar functions" as his ACB/AVCB drawing, as well as the materials from his deposit copy. Id. at 2.

For relief, Plaintiff seeks Defendant to pay Plaintiff royalties for the Dev-3, Dev-50V, and Dev-5K. Id. Plaintiff also asks Defendant to donate four (4) computers to a designated Charlotte community center and pay $60,000 for damages and $252 for discovery costs. Id.

On May 11, 2020, Defendant filed a Motion to Dismiss for failure to state a claim along with their Brief in Support. (Doc. No. 33, 34). Plaintiff filed a *pro se* Response to Defendant's Motion to Dismiss on May 22, 2020. (Doc. No. 35). Defendant then filed a Reply to Plaintiff's Response on May 27, 2020. (Doc. No. 36).

## II.  STANDARD OF REVIEW

Defendant presents several arguments for dismissal. (Doc. No. 33). The Court need address only Defendant's argument pursuant to Rule 12(b)(6).[2]

Defendant moves to dismiss for failure to state a claim. Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. As a general matter, a motion to dismiss under Rule 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.

---

[2] The Court declines to address Defendant's argument for dismissal for failure to comply with the Court's April 15, 2020, Order since the Court has an alternative ground for dismissal. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (finding dismissal for failure to comply appropriate when "the district court has little alternative to dismissal").

1993). When considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. Id. (citing De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Circ. 1992), cert. denied, 510 U.S. 828 (1993). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "enough facts to state a claim that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[N]aked assertion[s] devoid of factual enhancement" are subject to 12(b)(6) dismissal. Iqbal, 556 U.S. at 678.

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). However, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

4

Case 3:19-cv-00087-FDW-DCK   Document 37   Filed 07/27/20   Page 4 of 7

## III. DISCUSSION

To state a claim for infringement, the plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of the original elements of the work by the defendant. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). To show ownership of a valid copyright, the plaintiff may proffer a certificate of registration issued by the Copyright Office. Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 428 (4th Cir. 2010) (citing 17 U.S.C. § 410(c)) ("A certificate of registration issued by the Copyright Office is 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate,' such as ownership."). To establish copying, "the plaintiff must show that the alleged copier had access to the material and that the original material and the alleged copy are substantially similar." Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988).

Plaintiff's Second Amended Complaint has failed to plead a valid claim for copyright infringement. Since Plaintiff alleges he has a Certificate of Registration, the Court need not address the plausibility of the first element of Plaintiff's copyright infringement claim. Rather, the Court finds Plaintiff has failed to sufficiently plead the second element of his infringement claim on four independent grounds.

First, Plaintiff's Second Amended Complaint fails to allege *copying* by Defendant. Plaintiff's Amended Complaint asks the question: "Did SCA publish, market, and advertise the Sony Dev-3 digital recording binoculars, the Sony Dev-50V, and Dev-5K before the year[s] 1997-1999?" (Doc. No. 32). Generally, questions are not allegations. Yet, construed liberally, this question could constitute the allegation that Defendant published and marketed their products before 1997. Even so, it would pertain only to Defendant's *marketing* of those three products, not

Defendant's *copying* of Plaintiff's drawings. Thus, Plaintiff Second Amended Complain fails to plead *copying* by Defendant.

Second, Plaintiff's Second Amended Complaint does not set forth any allegations as to the original elements of his drawing and fails to allege how Defendant's products copied those original elements. Plaintiff only states that his drawing is original. Id.

Third, Plaintiff's Amended Complaint fails to sufficiently allege Defendant had access to Plaintiff's drawing. In fact, Plaintiff's allegations appear to support the opposite proposition: Defendant was not aware of Plaintiff's drawing, nor did Defendant seek access to the deposit copy of his works. Id.

Fourth, although Plaintiff's Second Amended Complaint alleges the Sony Dev-3, Dev-50V, and Dev-5K have the "same or similar functions" as his allegedly protected drawing, it fails to substantiate this similarity beyond "naked assertion[s] devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678.

The Court recognizes Plaintiff's *pro se* status here. However, the Court has given Plaintiff ample opportunity to file a valid complaint, with clear direction and warning against further amendment. Despite the Court's leniency and direction, Plaintiff proffered a two-page, handwritten document as his Second Amended Complaint. Unfortunately, with the Court's most liberal construal, his Second Amended Complaint "does not fail merely for lack of legal specificity." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Rather, it fails because Plaintiff has not pled a valid claim for which relief may be granted. Any other course of action would "advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

6

Case 3:19-cv-00087-FDW-DCK   Document 37   Filed 07/27/20   Page 6 of 7

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 33) is GRANTED. Because this Court's dismissal is based on Plaintiff's failure to sufficiently plead a cause of action, under these facts, the Court's dismissal is with prejudice.[3]

**IT IS SO ORDERED.**

Signed: July 24, 2020

Frank D. Whitney
United States District Judge

---

[3] The Court dismisses Plaintiff's Second Amended with prejudice because Plaintiff has had three opportunities to file a valid complaint and it does not appear that further amendment could cure the deficiencies that form the basis for the motion to dismiss here. In addition, Plaintiff elected to stand on the Second Amended Complaint when he filed it after the Court expressly warned Plaintiff that "no further amendments are likely to be allowed." (Doc. No. 32 at 6). Moreover, after Defendant's motion pointed out the deficiencies in the Second Amended Complaint, Plaintiff's Response states that he believes that he has not failed to comply with the Court's Order. (Doc. No. 36). Thus, since the Court's Order clearly required Plaintiff submit a complete, comprehensive Amended Complaint, and because Plaintiff represents that his Second Amended Complaint is complete and comprehensive, dismissal with prejudice is appropriate here. See Martin v. Duffy, 858 F.3d 239, 247 (4th Cir. 2017) (finding appellate jurisdiction over dismissal without prejudice as a final and appealable order where "repeated, ineffective attempts at amendment suggest that further amendment would be futile.").